189 So. 873

## WILLIS v. WILLIS.

### 3 Div. 266.

Supreme Court of Alabama.

June 15, 1939.

Rushton & Rushton, of Montgomery, for appellant.

Thos. B. Hill, Jr., and Wm. Inge Hill, both of Montgomery, for appellee.

**BOULDIN, Justice.**

The suit was begun by bill in equity by Judie Willis against Lula M. Willis, as guardian of the estate of Gordon Willis, a non compos mentis, wherein complainant sought an allowance from the estate of the ward for her support as his lawful wife.

The guardian, by cross-bill, alleged, among other things, that no legal relation of marriage exists between Gordon and Judie Willis by reason of the insanity of the alleged husband at the time a formal marriage was solemnized, and prayed an annulment of the marriage. From a decree granting such relief, this appeal is taken.

■ A suit for annulment of this character, seeking a judicial decree declaring the marriage void ab initio, despite the status imparted by marriage records, may be maintained by the guardian of the insane party.

"The rule is well settled, on both sides of the Atlantic, that no contract is of any validity whatever, if either of the contracting parties be of unsound mind. Such contract is wanting in the essential element—the concurring assent of two minds; and hence the law pronounces it absolutely void." Rawdon v. Rawdon, 28 Ala. 565.

Whether the guardian of an insane spouse may maintain a bill of divorce to dissolve the bonds of matrimony is a question not here presented, and we would not be understood as intimating any holding thereon.

In Rawdon v. Rawdon, supra, it was further said: " 'The fitness and propriety of a judicial decision, pronouncing the nullity of such a marriage, is very apparent, and is equally conducive to good order and decorum, and to the peace and conscience of the party.' "

■ No marital rights can arise from such void marriage whether ever nullified by direct decree for the purpose or not. Barfield v. Barfield, 139 Ala. 290, 35 So. 884.

■ Dealing with the test of insanity in such case it was further said in Rawdon v. Rawdon, supra: "At the time of the marriage, was he incapable of understanding the nature of the contract he was entering into? Was he incapable of taking care of himself and his property?"

■ We may add that the disability to give the assent requisite to a valid marriage may arise from mental duress, due solely to disease of the mind, rendering the victim incapable of exercising the will, the power of choice essential to assent.

■ The issue before us is one of fact. The testimony was taken orally before the court. The well known rules of review in such case must obtain.

■ The testimony of the guardian, mother of Gordon Willis, other relatives, and several neighbors, all non-experts, depose to mental unsoundness. Shortly before marriage he had received personal injuries in an automobile accident.

The witnesses detail numerous incidents before and after the marriage indicative of insanity, such as incoherence in thought and conversation, the vacant stare, insane delusions, hallucinations, progressing to melancholia and fanaticamania, and finally a tendency to violence which necessitated his committal to the asylum about fourteen months after marriage. See, "Insane Persons," 32 C.J. 605 et seq., §§ 52, 69, 97, 112.

Appellant insists this line of evidence is overcome by undisputed evidence of some business transactions before and after marriage, and particularly by numerous letters written by Gordon which it is insisted disclose upon their face intelligence and normal reactions wholly inconsistent with mental incapacity to contract marriage. Added to this is evidence of full recognition of the validity of the marriage by his mother, living together in the same house for many months.

A careful perusal of these letters shows unquestioned intelligence and mental and emotional reactions quite normal.

But they further contain much evidence of depression of spirit, struggle against fate, etc., which, though not in themselves

proof of insanity, are not necessarily inconsistent with the line of testimony above indicated. Maybe, the decision to question his sanity at the time of marriage was provoked by after occurrences. That a hope for the son's improvement was a factor in the case for quite a time is also to be considered.

On the whole record we conclude the decree of the court below should not be disturbed.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.