251 So.2d 761

**Kathryn H. MORRISON**

**v.**

**Travis MORRISON.**

**7 Div. 20.**

Court of Civil Appeals of Alabama.

May 19, 1971.

Rehearing Denied June 6, 1971.

Merrill, Merrill, Vardaman & Williams, Anniston, for appellant.

Burnham, Klinefelder & Halsey, Anniston, for appellee.

BRADLEY, Judge.

Travis Morrison and Kathryn Hill Morrison were married in Anniston, Alabama on March 27, 1968 when he was in his 59th year and she was in her 54th year. They lived together as man and wife for ten months.

Then, on February 12, 1969, Mr. Morrison filed a bill of complaint seeking a divorce from his wife on the ground of cruelty, and also asked the court, on the ground of undue influence, to divest his wife of her interest in two parcels of real estate, a mobile home, and a $4,200.00 savings certificate.

Mr. Morrison then amended his bill to seek annulment on the ground that he was non compos mentis at the time of the marriage and dropped the cruelty allegation. However, the allegation of undue influence as the basis for divesting Mrs. Morrison of her interest to the property enumerated above was left in the complaint.

Demurrers were filed to the bill as amended, and were overruled; answer then was filed, and upon completion of the hearing, a decree was rendered declaring the marriage void ab initio. The decree also divested Mrs. Morrison of all her interest in and to the real and personal property acquired by the parties just prior to and just after the marriage.

Rehearing was denied, and appeal was taken to this court.

Appellant contends that the trial court erred in voiding the marriage ab initio and in divesting her of her interest in the

**144**

property heretofore mentioned. She says that appellee failed to prove that he was of unsound mind at the time of the marriage and that he failed to prove that she unduly influenced him in transferring the property interests to her.

Appellee counters by saying the sole question before this court is whether the unsoundness of his mind was such as to require the marriage to be voided. And, he further says that if the evidence be sufficient to support the averment of non compos mentis at the time of the marriage, then all contracts made by and between the parties to the marriage would be invalid and the question of undue influence, although material in the divorce action, would become immaterial in a suit for annulment on the grounds of non compos mentis.

We agree with appellee's contentions, but are not to be understood as holding that allegations of undue influence and mental incapacity set out in one bill makes that bill multifarious and therefore defective. The rule, as we understand it, provides that alternative or inconsistent relief sought in a bill involving the same subject matter or founded on the same contract or transaction will not be deemed multifarious. Equity Rule 15, Title 7, Code of Alabama 1940, as Recompiled 1958, Appendix.

However this may be, that issue is not before this court because the demurrer did not make multifariousness a ground of defect. Ellis v. Crawson, 147 Ala. 294, 41 So. 942.

The position we here take that the undue influence allegation in this case is immaterial, is based on the holding in Cox v. Parker, 212 Ala. 35, 101 So. 657, wherein the Supreme Court said:

"In taking testimony, evidence was produced by expert witnesses and others tending to show mental incapacity—want of capacity to know and understand the nature of the transaction in which the donor was engaged. The suggestion is made that on an issue of undue influence alone, such testimony should be disregarded; *that undue influence implies mental capacity, but controlled and supplanted by the will of another; that proof of mental incapacity disproves undue influence*. We consider this position correct." (Emphasis supplied.)

*Cox*, supra, as we understand it, holds that proof of mental incapacity—unsoundness of mind, as opposed to a mere weakened mental condition due to age, infirmity, etc.—disproves undue influence and thereby renders a consideration of the same immaterial, because "undue influence implies mental capacity."

Again, we are not to be understood as saying that mental capacity and undue influence cannot be alleged in a bill of complaint to cancel a deed; nor are we saying that mental weakness, as opposed to mental incapacity, may not be alleged and proved under a theory of undue influence.

We do think, though, that it is settled that equity abhors a multiplicity of suits, and that when a court of equity obtains jurisdiction over domestic relations matters on equitable grounds, that it may proceed to do complete equity. Cox v. Parker, supra.

We also believe that it is without dispute that marriage contracts as well as other contracts are void or at least voidable on the ground that one of the parties was non compos mentis at the time of its execution. Rawdon v. Rawdon, 28 Ala. 565.

In Willis v. Willis, 238 Ala. 153, 189 So. 873, the Supreme Court in a suit to annul a purported marriage on the grounds that complainant was non compos mentis, said:

"No marital rights can arise from such void marriage whether ever nullified by direct decree for the purpose or not.

"Dealing with the test of insanity in such case it was further said in Rawdon v.

Rawdon, supra: 'At the time of the marriage was he incapable of understanding the nature of the contract he was entering into? Was he incapable of taking care of himself and his property?' "

There was testimony of several witnesses, including a doctor, introduced on behalf of appellee as to his mental unsoundness. Several lay witnesses testified that appellee was of unsound mind. The doctor stated that appellee was not capable of managing his business affairs. The testimony further showed that appellee had the mentality of a 5–7 year old, was unable to read or write, had been under the constant supervision and control of his mother until her death, and then his sister, and that his money and business affairs had been handled by his mother and then his sister.

Appellant showed that appellee had held a laborer's job at Anniston Depot for 26 years, and that he had accumulated a sizable estate estimated at about $17,000.00.

The trial court found from the evidence that appellee was of unsound mind at the time of the marriage, and voided said marital contract. Therefore the issue before this court is one of fact.

On appeal, with the evidence in the posture above outlined, we are bound to give the decree the weight of a jury verdict, and in reviewing this decree, surrounded as it must be by all of the well known presumptions, we cannot say that the trial court was plainly and palpably in error in its findings that appellee was non compos mentis at the time of the marriage.

The appellant contends that the trial court erred when it decreed that the real property previously transferred to her by the appellee be divested out of her and vested back in said appellee.

She bases this contention on the principle that her marriage to the appellee supplied the consideration for the transfer of said property to her.

Prior to the enactment of Title 9, Section 41, Code of Alabama 1940, as Recompiled 1958, a conveyance of land by an insane person was void; but under Section 41, supra, a purchaser who buys in good faith for a valuable consideration and without notice of the insanity, obtains good title. Ward v. Stallworth, 243 Ala. 651, 11 So. 2d 374.

However, having decided that the purported marriage was void ab initio, said void marriage cannot supply the consideration for the transfer of the properties in question; and there being no consideration for the transfers, they are void. Title 9, Section 41, supra, and Freeman v. Delorme, 254 Ala. 445, 48 So.2d 543. We find no error in this aspect of the case.

The trial court's decree also required the personal properties to be reinvested in appellee. In view of the evidence to the effect that the properties were, either solely owned by appellee or purchased with his money, that he was of unsound mind, being incapable of understanding the business transacted, and unable to manage his own affairs, we certainly think that the trial court was authorized to conclude that appellee did not have the requisite intent necessary to transfer or assign any property to appellant; consequently, there being no valid transfer, appellant has no legal ground to retain said property.

Appellant, finally, in assignment eight states that the court erred in overruling her demurrer to the complaint as last amended. Appellant asserts that her demurrer, stating that marriage is a valuable consideration for the transfer of property, should have been sustained as to that portion of the bill seeking a transfer of the property to appellee on the ground of undue influence.

In view of this court's previous findings and holdings that proof of undue influence is not material, and further that the marriage was void ab initio, any possible error committed with regard to this assignment is harmless at most.

Based on the record before us, we conclude that the decree of the trial court should not be disturbed.

Affirmed.