281 So.2d 647

**Bruce B. BYRD**

v.

**George T. FOWLER, Individually, and d/b/a Emperor Clock Company, et al.**

**Civ. 153.**

Court of Civil Appeals of Alabama.

Aug. 15, 1973.

Bailey & Taylor, Fairhope, for appellant.

Wilson Hayes, Bay Minette, for appellees.

HOLMES, Judge.

This is an appeal from an order of the Circuit Court of Baldwin County granting the appellees', defendants below, motion for a new trial and setting aside the verdict of the jury in the amount of $7,500.

The appellant's bill of complaint consisted of two counts. One count alleging an indebtedness owed by the defendants to plaintiff for work and labor and the second count alleging the breach of an agreement entered into by and between the par-ties whereby the plaintiff agreed to perform sales and marketing services for the defendants and, in return, the plaintiff was to receive a percentage of the gross sales of defendants' product.

The appellant's bill of complaint, as ultimately received by the jury, was against George T. Fowler, Individually, and d/b/a Emperor Clock Company; Ritz Instruments, Inc., an Alabama Corporation; Ritz Instruments, Inc., an Alabama Corporation, d/b/a Emperor Clock Company; and Emperor Clock Company, an Alabama Corporation, as successor corporation to Ritz Instruments, Inc. The jury verdict was a general verdict against all of the defendants.

To the complaint, the defendants initially filed pleas of the general issue and during the trial of this cause the defendants amended their plea to include a plea of *res judicata*. To this additional plea, the appellant demurred, but the court made no ruling thereon.

The basic facts in this matter reveal that appellant was employed by appellees to perform certain promotional work and, in return, was to receive as compensation a percentage of the gross sales. Thereafter, the parties parted company and appellant brought suit, claiming he had not been paid the amount due him.

The jury returned a verdict for the appellant and the appellees filed a motion for a new trial. The learned trial court granted this motion and specified his reason therefor as being that the heretofore filed plea of *res judicata* was a defense to the action.

It should be noted that, as we understand appellant and appellees, the parties on both sides in this appeal contend and admit that the plea of *res judicata* was the trial court's basis for granting the new trial. We reach this conclusion, based upon argu-

ment in brief of both counsel and oral argument before this court.

In view of the above, this court accepts the contention of counsel that the plea of *res judicata* was the court's basis for granting the motion for new trial and the setting aside of the jury's verdict, and our opinion will be so directed.

The plea of *res judicata*, itself, and the record reveal the following facts as relate to the plea.

In November of 1970, Ritz Instruments, Inc., one of the defendants in the instant case, filed suit in the amount of $1,000 against Bruce Byrd, the plaintiff in the case now before us, on a promissory note. The instant case was filed on June 30, 1971. A judgment by consent in the suit filed in November was entered on September 15, 1971, and the instant case was tried on April 13, 1972.

In the former suit on the promissory note such facts as we have before us reveal that the appellant executed a promissory note in favor of the Baldwin National Bank, which note was endorsed by the daughter and son-in-law of one of the parties in the instant case, and possibly by Ritz Instruments, Inc. In any event, the November suit was brought by Ritz Instruments, Inc., and judgment was obtained against Bruce Byrd, the defendant in the November suit and the plaintiff in this case.

■ The appellant relies in essence on the general principle, noted in Gulf American Fire and Casualty Co. v. Johnson, 282 Ala. 73, 78, 209 So.2d 212, 217 (quoting from Jones v. Adler, 183 Ala. 435, 441, 62 So. 777, 779) that:

" ' . . . "The rule of res adjudicata or former recovery, is confined to those cases where the parties to the two suits are the same, the subject-matter the same, the identical point is directly in issue, and the judgment has been rendered on that point." ' . . ." (Emphasis omitted)

It is our opinion that the former controversy did not involve the same subject matter as presented in the case at bar.

■ While, certainly, the subject matter of the case before us might well have been presented as a cross-claim in the November suit on the promissory note, we do not believe it mandatory that it be so presented. As the majority of the Supreme Court of Alabama, speaking through Mr. Justice Simpson, stated in A. B. C. Truck Lines v. Kenemer, 247 Ala. 543, 547, 25 So.2d 511, 515:

" . . . 'As a general rule, where a defendant has an independent claim against plaintiff, such as might be either the basis of a separate action or might be pleaded as a set-off or counterclaim, he is not obliged to plead it in plaintiff's action, although he is at liberty to do so, and if he omits to set it up in that action, or if, although he introduces it in evidence in rebuttal of plaintiff's demand, it is not used as a set-off or counter-claim, this will not preclude him from afterwards suing plaintiff upon it, in the absence of some statute to the contrary. But this rule does not apply where the subject-matter of the set-off or counterclaim was involved in the determination of the issue in the former action in such wise that the judgment therein necessarily negatives the facts on which defendant would have to rely in order to establish his demand * * *.' 34 C.J. 863, § 1276. See also Id., §§ 1282, 1283, pp. 868, 874, and Bell v. Jones, 223 Ala. 497, 136 So. 826."

In considering the application of *res judicata* to this case, it is necessary that one bear certain principles of law in mind which, at first blush, might appear to be in conflict. These principles and their distinctions are ably discussed by Mr. Justice Coleman in Gulf American Fire and Casualty Co. v. Johnson, *supra*.

In the instant case, as in *Gulf American*, *supra*, the appellee asserts that *res judicata*

may be pleaded as a bar when any matter might have been presented in the prior action to sustain or defeat the right asserted. Appellee says the claim by appellant could and should have been presented in the prior action by Ritz Instruments, Inc., against Byrd. It might appear we are dealing with conflicting rules, for, on the one hand, the appellee says the prior judgment is a bar to relitigating an issue which could have been determined in the prior action; but the appellant appears to say the prior judgment is *res judicata* only if the issue was actually determined in the prior action.

Mr. Justice Coleman, however, points out that these seemingly conflicting rules do not conflict at all. Appellee's rule applies in cases founded on the same cause of action, while the appellant's rule applies in cases founded on different causes of action. This distinction is pointed out in 50 C.J.S. Judgments § 687:

"While the effect of a judgment as a bar to a second action on the same cause of action and the effect of a judgment as precluding relitigation in another action of facts or matters litigated and determined in the first action are both within the application of the term 'res judicata,' and some matters, such as identity of parties, are requisite elements under either phase of the doctrine of res judicata, nevertheless, the two situations to which the term is applied are, in fact, quite different, and the two phases of the doctrine are distinguishable in two respects; one respect is the scope of the conclusiveness of the judgment, . . . in a former suit between the same parties . . . on the same cause of action, operating as an estoppel not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action, . . . while the conclusiveness of a judgment in a prior suit between the same parties . .

on a different cause of action extends . . . only to such matters and questions as were actually litigated and determined.

"Another respect in which the two phases of the doctrine differ is in the elements requisite to their application. . . . [T]he rule relating to a judgment as a bar to another action is applicable only to cases involving the same causes of action; but the rule relating to conclusiveness as to particular points or matters is not so restricted in its application, and even where the subsequent suit is on a different cause of action, yet where it is between the parties . . . to a former action, the former judgment will be conclusive and final as to any matter actually in issue and determined in the former action, either on behalf of plaintiff to prove an essential fact or to disprove a defense, or on behalf of defendant to disprove essential elements of plaintiff's case, or to established matters relied on in defense."

See also Am.Jur.2d, Judgments, § 397, stating:

"At the outset of the consideration of the doctrine of res judicata it must be noticed that there is a wide difference between the effect of a judgment as a bar to the prosecution of a second action upon the same claim, demand, or cause of action, and its effect to preclude the relitigation of particular facts or issues in another action between the same parties on a different claim or cause of action. Although there is virtual unanimity of agreement on this distinction, confusion frequently arises from variations in nomenclature applied thereto. The two aspects of the doctrine do not necessarily have the same consequences, *the effect of a judgment upon a subsequent controversy between the parties being more limited where the controversy is based upon a different cause of action than where it is based upon the original cause of action. . . .*" (Emphasis added)

■ Clearly, the question to be resolved is whether the cause of action is the same in both suits. In order for two actions to be regarded as based on the same cause of action so that a judgment in one is a bar to the maintenance of the other action, the two actions must relate to the same subject matter; where the subject matter is essentially different, there is no identity of causes of action.

■ Generally, even if two actions relate to the same subject matter, this does not necessarily establish that they are on the same cause of action. "Hence, a judgment in a former action does not operate as a bar to a subsequent action where the cause of action is not the same, even though each action relates to the same subject matter." 46 Am.Jur.2d, Judgments, § 407.

■ In the instant case, one suit is on a promissory note which is generally defined as a written promise made by one to pay another therein named, absolutely and unconditionally, a sum of money certain at a time specified therein. According to the facts, Byrd simply borrowed money from the bank and executed a promissory note to repay the amount borrowed. This situation appears quite different from the instant suit by the plaintiff for work and labor, or breach of an agreement of employment. Here, the plaintiff contracted to perform certain services for Emperor Clock which were to be of a continuing nature, and the remuneration for such services was to be directly related to the gross sales of the business. These facts lead to a finding that the subject matter is, to this court, not the same, with the only similarity being that both involve money owed or allegedly owed between the parties.

■ We would further note that it appears to this court that the parties are not the same. Clearly, the suit on the promissory note was by Ritz Instruments, Inc., against Bruce Byrd. The suit now before us is not only against Ritz Instruments as the successor corporation of Emperor Clock, but is against George Fowler, individually, as well. We further note that in this instance the judgment was also against George Fowler. This court is aware of the rule of law as stated in 50 C.J.S. Judgments, § 773, and recognized in Young v. Rutledge, 229 Ala. 492, 158 So. 185, which is as follows:

"Where both the party offering a judgment as an estoppel and the party against whom it is so offered were parties to the action in which the judgment was rendered, it is no objection that the action included some additional parties who are not joined in the present suit, or that there are additional parties in the present action, provided the judgment was rendered on the merits. This rule is especially applicable where the additional parties in either suit were merely formal, nominal, or unnecessary parties. Certainly it is sufficient if all the parties to the later case were parties in the former one even though some parties in the former case are not parties in the later case."

However, in this instance, one of the parties offering the judgment was not a party to the judgment being offered as an estoppel.

■ While we have reviewed this matter with the following rules of law in mind, as summarized by Mr. Chief Justice Heflin, in Parker v. McGaha, 291 Ala. 339, 280 So.2d 769:

" '[The] granting or refusing a motion for new trial is a matter resting largely in the discretion of the trial court, and the exercise of this discretion carries with it a presumption of correctness. Shepherd v. Southern Ry. Co., 288 Ala. 50, 256 So.2d 883 (1970); State v. Edmundson, 282 Ala. 293, 210 So.2d 926 (1968); Grandquest v. Williams, 273 Ala. 140, 135 So.2d 391 (1961). Furthermore, on appeal from an order granting a new trial, the record must be construed against the appellant. King v. Scott, 217 Ala. 511, 116 So. 681 (1928). *Therefore, an order*

*granting a new trial will not be disturbed on appeal unless some legal right was abused and the record plainly and palpably shows that the trial court was in error.* Shepherd v. Southern Ry. Co., 288 Ala. 50, 256 So.2d 883 (1970); Whitman v. Housing Authority of City of Elba, 272 Ala. 245, 130 So.2d 362 (1961).' Johnson v. Hodge, 291 Ala. 142, 279 So.2d 123, 7 ABR 1677; Ms. 7th day of June, 1973. (Emphasis supplied)",

we have no alternative, in view of the manner in which this appeal has been presented to this court, but to hold that the learned trial court erred in granting the motion, for the reasons it so specified, and setting aside the jury verdict.

For the error of the trial court heretofore pointed out, this case is reversed, and a judgment rendered by this court denying the motion for a new trial and reinstating the original judgment.

Reversed and rendered.

WRIGHT, P. J., and BRADLEY, J., concur.