This is an appeal from the judgment in a divorce action.
The issues are (1) whether the court should have effected a property settlement though not specifically requested, and (2) is the award of alimony an abuse of direction?
The parties after 28 years of marriage and rearing four children to adulthood find themselves incompatible. The husband earns a salary of over $35,000 per year. In 1973, he purchased in his own name a 250-acre farm in Chilton County for $80,000. He paid $30,000 in cash and granted a $50,000 mortgage for the balance. The monthly payments on the mortgage are slightly over $400 per month. In 1975, the husband purchased an adjoining 41-acre tract for $21,000, taking title jointly with his wife. There was $3,000 paid and a mortgage given for $18,525 payable $156 per month for some 18 years. The wife sells real estate and had earned slightly over $1,000 up to July 1976. The husband had purchased equipment for the farm and a house trailer. He had 11 head of cattle on the farm. His monthly payments on farm, car, equipment, trailer and loans totaled approximately $1,100. The parties jointly own 136 shares of ATT stock of the approximate market value of $8,000.
The husband is college educated with a master's degree in engineering. He is employed with a utility company in an executive position. The wife has a high school education and has only worked in a bank on two short occasions during the 28 years of the marriage. She has no regular employment income.
There is no evidence as to the reason these parties became irreconcilably incompatible after 28 years of marriage. There is no evidence of any fault of the wife. The trial court granted her alimony of $450 per month. The wife is required to pay federal income tax on this amount, while the husband may deduct it from his federal income tax. In view of the standard of living to which she had become accustomed as the wife and homemaker for an executive making $37,000 to $38,000 per year, and in view of the absence of any indication that she has even a home to live in, this court considers such award of alimony insufficient and unjust under the stipulation of fact. According to the record, the information received by the trial court as to the respective assets of the parties came entirely from a stipulation. Therefore, the presumption of correctness upon review granted to a trial court judgment after oral hearing is not available in this case. This court is as able to weigh the facts of the stipulation as was the court below.Perdue v. Roberts, 294 Ala. 194, 314 So.2d 280 (1975).
It is the judgment of this court that the award of periodic alimony should be and is directed to be increased to $600 per month.
It is an axiom that having assumed jurisdiction a court of equity will settle all the equities between the parties.Morrison v. Morrison, 47 Ala. App. 142, 251 So.2d 761, cert. denied, 287 Ala. 343, 251 So.2d 764 (1971). A court of equity delights in rendering full justice. Therefore, we consider that though not specifically requested, the trial court should have, at least upon rehearing, effected a property settlement between the parties. Rule 15 (b) ARCP eliminates the necessity of strict pleading of issues tried expressly or with the implied consent of the parties.
We have previously said that in the last three to four years, the husband has purchased 291 acres of expensive Chilton County farm land. Of this 250 acres were purchased at $320 per acre and 41 acres at $525 per acre. Though cash in the amount of $30,000 apparently accumulated in the marriage, was paid down on the larger tract, title thereto was taken solely in the name of the husband. The wife had joint title only in the 41-acre tract in which there is equity of some $3,500. To permit the marriage to be ended and all the marital interest *Page 795 
of the wife to be terminated without any recompense for 28 years' participation appears grossly unfair and unjust. To say that her interest, whatever it is, in the 41 acres remains for future distribution is insufficient. The husband could allow that interest to be lost merely by not making the payments. If that were not so, the continued existence of a joint interest for which the husband is paying can only produce further problems and probable court action for division.
There is the further problem of joint ownership of the ATT stock. This stock is presently pledged as security to husband's credit union for a loan. This court is aware of future problems which all too commonly occur when a marriage is ended but joint property interests are not. We have no desire to usurp the authority of the trial court to consider and determine the rights of litigants before it. However, the matter is now before us in the same attitude as it was before the trial court. We find the trial court erred in not settling all issues between the parties. We therefore direct that as a property settlement the wife be granted either full title to all of the 136 shares of ATT stock or that she be paid by the husband its present market value in cash, whichever she chooses. For her interest in the 41-acre tract, husband is directed to pay to the wife one-half the $3,000 originally paid down.
We have not considered a lot owned by the husband and a house and lot given to the wife by a sister in Mississippi. Neither of these properties were gained through efforts of the parties but were gifts or inheritances from their respective families.
For the reasons stated, the cause is reversed except as to the granting of a divorce and is remanded to the trial court with direction to enter a judgment in accord with this opinion.
Appellant is awarded $500 as a reasonable attorney fee for prosecuting this appeal.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.