The administratrix of her mother's estate filed a petition to annul the marriage of her mother and her stepfather. The trial court granted the stepfather's motion for summary judgment and the administratrix appeals. We reverse and remand.
The dispositive issues on appeal are:
(1) May a suit to annul a marriage be maintained by the personal representative of a deceased spouse?
(2) Is the dismissal of a divorce action for failure to revive res judicata, or does it collaterally estop, a subsequent action to annul a void marriage?
(3) Did the trial court properly grant a summary judgment?
The record reveals the following:
The administratrix filed a bill for annulment alleging the marriage involved was void. Specifically, she alleged the mother was intoxicated at the time of the marriage and remained so until her death some three months later. She further stated the mother was insane and therefore incapable of giving assent to the marriage.
In response, the stepfather claimed an administratrix has no authority to file for the annulment of a marriage of a deceased person. In addition, he argued that a previous petition for divorce filed by the mother and later dismissed under Rule 41 (b), ARCP, for failure to revive after the death of a party as required by Rule 25, ARCP, was res judicata on the instant annulment action. The mother died while this divorce petition was pending and there was a failure to move for a Rule 25, ARCP, substitution of parties within six months of the stepfather's making suggestion of her death.
In support of his motion for summary judgment, the stepfather attached a copy of the marriage certificate and a statement from the Georgia probate judge who performed the ceremony indicating he did not marry persons who appeared to be intoxicated. Additionally, through affidavit, the stepfather stated the mother was not intoxicated on the date of the marriage.
The administratrix and two other relatives of the mother filed counter affidavits. Each concluded, on the basis of daily observations, that the mother was mentally incompetent. Each stated the mother drank constantly, was incoherent, and could not walk on many of the occasions in which they met.
Both the administratrix and a niece stated they were at the mother's residence immediately preceding the marriage and agreed she was greatly intoxicated to the point of being "out of her head." Purportedly, the same condition obtained upon her return from the Georgia marriage. It was further claimed she at no time explicitly acknowledged an awareness of the fact of this marriage.
Although the reasons therefor were not clearly stated, the court below granted the husband's motion for summary judgment. The trial judge took judicial notice of the prior dismissed divorce action and noted the same marriage was involved in both cases. He also apparently considered the motion to dismiss wherein it was contended the administratrix could not maintain the bill for annulment.
 I
As indicated above, it appears the trial judge concluded the administratrix could not maintain the annulment action. This position is contrary to the law of Alabama as stated inOsoinach v. Watkins, 235 Ala. 564, 180 So. 577 (1938). Seealso, Krug v. Krug, 292 Ala. 498, 296 So.2d 715 (1974). InOsoinach, it was held that a marriage which is void may be attacked after the death of either or both of the parties. The action must be brought during the lifetime of both parties only if the marriage is merely voidable.
In addressing this distinction, the administratrix correctly contends that Alabama follows the general rule that a marriage is void as opposed to voidable where the concurring assent of both parties is absent. Willis v. Willis, 238 Ala. 153,189 So. 873 (1939); Rawden v. Rawden, 28 Ala. 565 (1856). *Page 1128 
If the mental impairment preventing such assent is only temporary, as where intoxication renders a person incapable of knowing what he or she has done, the marriage may be ratified upon removal of the disability. Hamlet v. Hamlet, 242 Ala. 70,4 So.2d 901 (1941). Such a marriage is voidable as opposed to void.
Here, the administratrix has alleged the intoxication of her mother so greatly impaired her mental abilities as to render her incapable of assenting to the marriage. She claims this enfeebled condition remained constant until the mother's death, making ratification impossible. In essence, she claims her mother was insane prior to the marriage, remaining so until her death.
Clearly, the contention is that this was an invalid marriage, void ab initio. It is therefore clear to this court that in this instance, on the grounds alleged by the personal representative, an annulment action can be maintained after the death of one of the parties.
 II
As we perceive the learned trial court's judgment, it gives the prior dismissed divorce action res judicata effect. As stated above, this action was dismissed pursuant to Rule 41 (b), ARCP, for failure to revive after death of a party as required by Rule 25, ARCP.
Rule 25, ARCP, provides the mechanism for substitution of parties and is applicable "If a party dies and the claim is notthereby extinguished." (Emphasis supplied.) Rule 25 (a)(1), ARCP. Rule 41 (b), ARCP, allows the trial judge to enter a dismissal against a party for failure to comply with the Rules of Civil Procedure, and such a dismissal operates as an adjudication upon the merits unless the court otherwise specifies. Here, the court did not so specify.
In this instance, Rule 25 is not appropriate and therefore Rule 41 (b) has no application.
When the mother died while the divorce action was pending, the claim was extinguished. As was stated in Vaughn v. Vaughn,258 Ala. 336, 341, 62 So.2d 466, 470 (1953): "If no question is involved but the marital status, the court will not revive and continue a divorce suit pending at the time of the death of a party. . . ." Therefore, as the Rule 41 (b), ARCP, involuntary dismissal was improperly entered, it would not work as a judgment on the merits, thereby precluding a subsequent suit for annulment.
Furthermore, we would note that even if the Rule 41 (b) dismissal was proper, it would not preclude the annulment action on the basis of res judicata or collateral estoppel.
Assuming arguendo there was a final judgment on the merits in the prior suit, three additional elements must appear to justify its acting as a bar to subsequent litigation. These are: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the parties, or those in privity with them, are identical; and (3) the same cause of action is involved. Stevenson v. International Paper Co., Mobile,Alabama, 516 F.2d 103 (5th Cir. 1975).
If the same cause of action is involved, the sister doctrine of collateral estoppel or issue preclusion operates as a bar not only as to every matter which was raised and actually litigated in the prior suit, but as to every other matter which might have been litigated. However, if the cause of action in the two suits differs, this doctrine is applied much more narrowly. Here, the prior judgment acts as an estoppel only as to those matters actually litigated. Byrd v. Fowler,50 Ala. App. 596, 281 So.2d 647 (1973).
In the instant case, this court concludes there were clearly two distinct causes of action involved even though both related to the same marriage. Annulment proceedings and those for divorce differ materially. A divorce fixes the future marital status; annulment results in the declaration that there was no marriage at all. Henley v. Foster, 220 Ala. 420, 125 So. 662
(1930). *Page 1129 
Therefore, only those matters which would have been actually decided in the divorce action could be raised as an estoppel against the administratrix. Obviously, the question of the mother's insanity would not be such a fully litigated issue.
 III
As seen from the above, the administratrix could bring the annulment action and it was not barred by the prior divorce action. In view of this, was summary judgment proper? We conclude it was not.
The law in Alabama is that a motion for summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Birmingham Television Corp. v. Water Works,292 Ala. 147, 290 So.2d 636 (1974).
The issue of the mother's mental condition was one of fact.Willis v. Willis, supra. In Willis, nonexpert neighbors and relatives of the purportedly insane spouse were allowed to testify as to incidents they had observed indicative of mental unsoundness.
As outlined above, the affiants in this case likewise detailed specific observations bearing on the mother's alleged constant intoxication and insanity. These affidavits were enough to put these facts in issue. The administratrix was due her day in court and the chance to fully litigate the issues presented in her bill for annulment.
This case is due to be reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.