This is a divorce case.
The parties were divorced in July 1978 by decree of the Geneva County Circuit Court. At the time of the divorce, the parties owned approximately one hundred twenty acres of land. Before the divorce the husband rented the tillable land to Randall Morris, Larry Reeder and Harry Reeder, d/b/a R M Farm (R M Farm) for an annual rental of $1,500. The divorce decree awarded the parties' home with forty acres of the land to the wife. There was no mention of the rents to become due under the lease.
When the rental on the land became due both parties demanded payment of the full amount.
In response to these demands, R M Farm filed an interpleader action pursuant to Rule 22, ARCP, alleging, interalia, that forty-six percent of the rental land was within the forty-acre tract awarded to the wife and fifty-four percent was within the land retained by the husband.
In a separate action the wife filed a petition for Rule Nisi based on alleged violations of the original divorce decree by the husband. The husband filed an answer which denied the allegations of the complaint and included a counterclaim for malicious prosecution.
The petition for Rule Nisi and the interpleader action were consolidated for hearing. After an ore tenus hearing the trial court entered a judgment granting the interpleader and dividing the rental payment in accordance with the percentage of the rental property owned by each party. The trial court entered a judgment on the petition for Rule Nisi in favor of the husband and on the husband's counterclaim for malicious prosecution in favor of the wife.
The husband's motion for new trial was denied and he appeals.
The husband contends on appeal that the trial court erred in awarding a portion of the rental payment to the wife and in its judgment in favor of the wife on his counterclaim for malicious prosecution.
The husband argues that the original divorce decree did not award a portion of the rental to the wife and that she is estopped by that judgment or by her failure to raise the issue in the divorce action from claiming any part of the rental.
For a prior judgment to bar a subsequent cause of action under the doctrine of res adjudicata, (1) the prior judgment must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both suits. Stevenson v. International Paper Co.,Mobile, Alabama, 516 F.2d 103 (5th Cir. 1975); Abel (asAdministratrix of the Estate of Irene Dickie Waters, Deceased)v. Waters, 373 So.2d 1125 (Ala.Civ.App. 1979).
If the same cause of action is involved, the doctrine of collateral estoppel may operate as a bar not only as to every matter raised and litigated in the prior suit, but as to every other matter which might have been litigated. However, if the second suit involves a different cause of action, the prior judgment acts as an estoppel *Page 840 
only as to those matters actually litigated. Byrd v. Fowler,50 Ala. App. 596, 281 So.2d 647 (1973).
In this case, the original suit was a divorce action involving only the husband and wife. The second suit is an interpleader action instituted by a third party. Clearly the parties in this action are not the same and the action was not barred. It is equally clear that this suit involves a different cause of action. Therefore, only those issues actually litigated between these parties would be subject to collateral estoppel. The parties agree that the issue of the rentals was not resolved by the divorce decree; therefore, it was not barred by the previous judgment.
The husband's final issue is that the trial court erred in its judgment for the wife on his counterclaim for malicious prosecution. He argues that the judgment is not supported by the evidence.
The trial court heard this matter ore tenus. Its judgment is presumed correct and will not be reversed on appeal unless so unsupported by the evidence as to be plainly and palpably wrong and unjust. Stinson v. Adams, 376 So.2d 1108 (Ala.Civ.App. 1979). We have reviewed the record in this case and find the trial court's judgment for the wife on the husband's counterclaim to be supported by the evidence.
The appellee requests an attorney's fee on appeal. We know of no authority for an award to a party, other than an innocent stakeholder, of an attorney fee in an interpleader action under Rule 22, ARCP, at the trial level. Mims v. Alabama Power Co.,262 Ala. 121, 77 So.2d 648 (1955); Pratt v. First National Bankof Fayette, 243 Ala. 257, 9 So.2d 744 (1942). We further know of no authority for such award in any event on appeal after there has been interpleader and dismissal of the stakeholder. The second consolidated issue on appeal is the ruling on the cross-complaint for malicious prosecution. No statutory right to an award of attorney's fee in such a case exists. Therefore the request of appellee must be denied.
The trial court's judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.