HOLMES, Judge.
Harold W. Wallis (appellant) filed a petition for mandamus in the Montgomery Circuit Court seeking to compel the director of the Department of Public Safety (appellee) to rescind the director’s order revoking appellant’s driver’s license.
After an ore tenus hearing, the trial court denied the requested relief.
Wallis appeals from this order. We find no reversible error and affirm.
The record reveals the following: On two separate occasions in January of 1980 appellant was convicted of reckless driving. As a result of these two convictions appellant was notified on November 24, 1980 that his license would be suspended for sixty days under the point system as an habitual violator.
After receiving the notification of suspension the appellant requested a hearing concerning the suspension. On December 30,1980 a hearing was held before an agent of the director of public safety. During the hearing appellant informed the hearing officer that on November 19, 1980 he had again been convicted of reckless driving. It is undisputed, however, that this conviction had not, at the time of the hearing, become a part of appellant’s driving record.
*812 After considering all the pertinent facts of appellant’s record, character and attitude, the hearing officer concluded that appellant’s driving privilege should be suspended for sixty days. Appellant surrendered his license on December 29, 1980 and, apparently, did not drive an automobile during the period of the suspension.
On April 6, 1981 the Department of Public Safety notified appellant that his driver’s license was being revoked for a period of six months with credit to be given for the sixty day suspension appellant had previously served. This action was based upon section 32-5A-195(j)(7), Code of Alabama 1975 (Cum.Supp.1981), and was taken after the November 19 reckless driving conviction had become a part of appellant’s driving record.
Section 32-5A-195(j)(7) requires the director of public safety to revoke the license of any driver upon receiving a record of such driver’s conviction of three charges of reckless driving committed within a twelve month period.
On May 14,1981 appellant filed a petition for mandamus seeking to have the six month revocation rescinded. This petition was based upon appellant’s contention that the sixty day suspension was bottomed upon the hearing officer’s knowledge and consideration of appellant’s three reckless driving convictions. Consequently, appellant argues that the doctrine of res judicata precludes the Department of Public Safety from subsequently revoking his license based upon the same three convictions which were the subject matter of the previous hearing.
The trial court, after considering the evidence before it, denied the requested relief. This court finds no error in the trial court’s action and affirms.
Under the doctrine of res judicata a former judgment will become an absolute bar to a subsequent suit only if, among other requirements, the subsequent suit is based upon the same cause of action that was litigated in the former suit. Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190 (Ala.1978); Byrd v. Fowler, 50 Ala.App. 596, 281 So.2d 647 (1973). In light of the foregoing, res judicata is not applicable in this case because the suspension and the revocation were not based upon the same cause of action. It is apparent, after reviewing the record, that the suspension was based solely upon appellant’s two January reckless driving convictions and the revocation was based upon appellant’s three convictions within twelve months.
This conclusion is based upon the chronology of events which led to the suspension and revocation. On November 19, 1980 appellant was convicted of reckless driving for the third time within a twelve month period. The department, however, did not receive any record of appellant’s November 19 conviction until November 26, two days after appellant had been notified that his license would be suspended for sixty days.
As indicated earlier, the appellant exercised his right to have a hearing regarding the suspension. Though, at the time of the December 30 hearing the department did have actual notice of the November 19 conviction, the conviction had not become a part of the appellant’s driving record. Consequently, the hearing officer had no record of the conviction at the time of the hearing. Admittedly, appellant did inform the hearing officer of the latest conviction. This information, however, did not change the basic nature of the hearing which was to contest the sixty day suspension which was based upon the two January convictions.
Additionally and importantly, we note that the hearing officer had no authority to make any decision based upon appellant’s three convictions. The statutory authority for the suspension is found at section 32-5A-195(k)(2), Code of Alabama 1975 (Cum.Supp.1981). Section 32-5A-195(/), Code of Alabama 1975 (Cum. Supp.1981), gives a person whose license has been suspended a right to a hearing. Section 32-5A-195(i) contains no authorization for a hearing when a license is revoked. Under section 32-5A-195(j)(7), revocation is mandatory when, as here, the statutory requisites are met. The director of public safety has no discretion in the matter.
*813 When the November 19 conviction became a part of appellant’s driving record in April of 1981, the director, as required by statute, revoked appellant’s license. This was the first time any action had been taken against appellant based upon his three reckless driving convictions. Furthermore, in light of the above, this was the only action that could have been taken. The revocation was punishment for an offense separate and distinct from the offense for which appellant’s license was suspended. Moore v. Missouri, 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301 (1895). Though based in part upon the two January convictions for which appellant’s license had been suspended, the revocation was the result of a new cause of action and, therefore, was not barred by the suspension or the suspension hearing.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.