WRIGHT, Presiding Judge.
This is a divorce case.
The evidence disclosed that the parties lived an eventful life. The wife met and took the husband to live with her while he was a foreign student working as a busboy in Los Angeles, California. She owned and operated a business and apparently did well enough to support herself and provide him with a home and solace. They subsequently were married. After five years as a student in a junior college, the husband enrolled at Florida State University. For two years he did not work and attended college full time. The wife says she fully supported him during that time. After obtaining his degree, the business of the wife was sold, though she continued to work, and the husband worked at several hotels or motels around the country. For a time he was employed in Saudi Arabia and Syria. The wife worked in a gold shop in that area, taking a major portion of her wages in *1293 merchandise. They managed to save a substantial sum during that time. They returned to this country, and the husband again worked in several cities. A home was purchased in Charlotte, North Carolina while the husband worked there. Seventeen thousand dollars was paid down on the house with monthly payments of some $550. The payments have now reached $575 monthly.
Subsequently, the husband lost his job in Charlotte. Marital difficulty intensified as the husband found employment in other cities. The wife remained in the home. The husband began living with a female co-employee in 1980 or early 1981. In March 1981 the parties entered into a separation agreement which provided for division of personal and real property. By its terms the husband agreed to make the house payment, pay taxes and insurance thereon, pay the utilities, provide health insurance for the wife, pay the wife’s auto insurance and pay her $400 a month as support.
The husband is forty years of age and is employed at Sheraton Riverfront Hotel in Montgomery. His after-tax income is $1,550 per month. The wife is twenty-two years older than the husband and is now age 62. She is unemployed, without income and has several health problems. She is German, having been first married to an American service man. She has a high school education with one year at a German finishing school. Her employment experience has been largely that of department store sales person.
The husband filed suit for divorce in November 1981. The wife counterclaimed for divorce on ground of adultery and asked judgment for sums due, but unpaid, from the separation agreement.
The court entered its decree of divorce on April 22, 1982. The ground therefor was not stated. Certain personal property alleged to be in possession of the wife was ordered delivered to the husband. Other awards of personal property, including automobiles, and the award of the home to the wife were the same as contained in the separation agreement. However, there was no award of periodic alimony as was agreed. There was only an award of $4,000 alimony in gross, payable $200 per month for a period of twenty months. There was no award of attorney fees. The wife has appealed.
The error contended is (1) the abuse of discretion in failing to award any periodic alimony or attorney fees and (2) the failure to enforce the separation agreement by determining the sum due and unpaid to the wife thereunder.
Our appellate courts have stated that the findings and judgment of the trial court in every case heard orally are reviewed with a presumption of correctness. Gorman v. Gorman, 392 So.2d 238 (Ala.Civ.App.1980). It is further held that an award of alimony is a matter within the judicial discretion of the trial court. Sharretts v. Sharretts, 408 So.2d 125 (Ala.Civ.App.1981). In neither instance is the reviewing court authorized to reverse, set aside or change such findings and judgments unless the presumption is overcome by an absence of support in the evidence, or that such judgments are so contrary to the evidence, or lack thereof as to be so arbitrary, unfair or unjust as to constitute an abuse of judicial discretion. Waters v. Waters, 387 So.2d 838 (Ala.Civ. App.1980).
Our review of this case compels our finding the judgment to be so unfair and contrary to the evidence as to overcome the ore tenus presumption and in all equity require reversal in part.
We have often listed the elements in divorce cases which are to be considered in determining whether to award alimony and the amount to be awarded. Clark v. Clark, 356 So.2d 1208 (Ala.Civ.App.1978); Shirley v. Shirley, 350 So.2d 1041 (Ala.Civ.App. 1977). We will not list them here again but relate them insofar as the evidence in this case allows: (1) The relationship and marriage of the parties endured for more than seventeen years; (2) the wife financially aided and assisted the husband substantially in attaining education and standing in American society — he being from the begin *1294 ning a poor foreign student with only a work or student visa subject to cancellation; (3) the wife sold her business at his request and followed him and worked to assist him through college and in various foreign areas of the mid-east; (4) the admitted open adultery of the husband; (5) the wife is age 62, the husband is age 40; (6) the health of the wife is questionable at best and when considered with her age portends little or no employability, particularly in these poor economic times; (7) the wife has no estate except household furniture, a few items of jewelry of nominal value and an equity in a house which has been on the market for months with no prospective purchasers. The monthly payments are over $575 and the evidence is that the wife has no funds with which to pay them or maintain the home until a purchaser can be found. Foreclosure appears imminent; (8) the wife has no job, income or prospects thereof with which to sustain herself.
Viewing all these facts, we are unable to determine any equity in permitting the husband to abandon his wife and cast her aside in favor of a younger woman without means of support and maintenance with only a stipend of $200 per month for just twenty months.
Her ability to meet her needs unaided will more than likely be even more limited and diminished at the expiration of twenty months.
Therefore, we set aside and reverse that part of the decree providing for payment of alimony in gross of $4,000, and direct that in lieu thereof judgment be entered for permanent periodic alimony in the sum of $500 monthly, beginning December 1,1982. We further direct payment of $400 to wife’s attorney as a reasonable attorney fee for services in the trial court.
The wife complains of the failure of the trial court to determine arrearages under the separation agreement entered into prior to the suit for divorce. The decree is silent as to such issue. There was a contention by the wife and testimony that there was due her some $6,000 for failure to perform under the agreement. Such contention and evidence were disputed.
The argument of the husband in brief appears to be that such agreement is not subject to enforcement in the divorce action or may be modified or abrogated by the court. If such is the argument, we do not accept it. We believe the law to be that such a contract of separation is enforceable provided it is based upon sufficient consideration, is fair and reasonable in its terms and is not the result of fraud or coercion. Kirkland v. Kirkland, 236 Ala. 120, 181 So. 96 (1938). Such agreements are often incorporated into divorce decrees, so that they may be enforced by powers of contempt. Insofar as such agreement is incorporated in the court’s decree, the decree controls. However, parts of such an agreement not so incorporated may be enforced as any other contract in a civil suit. East v. East, 395 So.2d 78 (Ala.Civ.App.1980). Should such an agreement be executory at the instigation of an action for divorce, we perceive that enforcement may be included in that action. Kirkland v. Kirkland, supra; Bash v. Bogart, 226 Ala. 284, 146 So. 814 (1933); Rule 13, A.R.Civ.P.
However, let it be known that in this instance, as the evidence of breach of the agreement was in sharp conflict, the court was not bound to find that the wife was entitled to recover thereunder.
It is the opinion of this court that the judgment below be affirmed in part and reversed in part with direction as hereinbe-fore set out.
In response to request of the wife for attorney fees on appeal, we enter judgment therefor in the sum of $400.
AFFIRMED IN PART; REVERSED IN PART WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.