This appeal involves an action alleging theories of recovery for breach of warranty and fraudulent misrepresentation arising out of the sale of a 1978 Ford Fairmont automobile. Mary C. Braggs (plaintiff) sued Jim Skinner Ford, Inc. (defendant) in the Circuit Court of Jefferson County on July 15, 1981. The trial court granted defendant's motion to dismiss. From that judgment, plaintiff appealed.
Two issues, and the questions posed thereby, are dispositive of this appeal. The first is whether plaintiff's action is barred by the doctrine of res judicata because she had earlier sued defendant on a claim arising out of the same commercial transaction. The second is whether plaintiff's claim for fraudulent misrepresentation is barred because she asserted it beyond the one-year statute of limitations in Code 1975, §6-2-3. As to the first, we hold that plaintiff's earlier action does not operate as a bar to her present action. As to the second, we hold that plaintiff's claim alleging fraudulent misrepresentations is time-barred because she asserted it beyond the applicable one-year statute of limitations. Therefore, we affirm in part, reverse in part, and remand.
The facts are as follows. Plaintiff purchased her automobile from defendant on January 29, 1979. Ford Motor Credit Company (not a party to the present action) financed the plaintiff's purchase. In her first action, plaintiff sued Jim Skinner Ford, Inc., and Ford Motor Credit Company on January 29, 1980, alleging violations of Regulation Z of the Truth-in-Lending Act, 15 U.S.C. § 1631, et seq., 12 C.F.R. 226.4, 226.5, 226.6
(a), 226.8 (c); and the Alabama "Mini-Code," Code 1975, §5-19-1, et seq. That action came before this court on appeal,[1]
and later was dismissed by the trial court after our remand. Plaintiff took no further appeal from the dismissal of her first action.
The present action arises out of the same commercial transaction. No theory of recovery is asserted in plaintiff's current action for either Mini-Code or Truth-in-Lending violations. Instead, the gist of the problem, according to plaintiff, is that defendant sold her a "lemon" automobile. Plaintiff alleges that at the time of the sale, as well as on subsequent occasions, defendant intentionally or recklessly misrepresented the condition and state of repair of the automobile. According to plaintiff's deposition, she first began having mechanical problems with the vehicle some four or five weeks after she purchased it. She returned to defendant on a number of occasions for repairs. The attempted repairs did not remedy the problem. Plaintiff stated she did not return to defendant after she secured an attorney.
Plaintiff filed her present action 13 days before the trial court dismissed her first suit. Defendant moved to dismiss the present action, raising various defenses, including resjudicata and the one-year statute of limitations applicable to actions for fraudulent misrepresentation. Subsequent to the dismissal of plaintiff's first action, the present action also was dismissed. Defendant argues that the trial court properly dismissed the instant action. It contends that plaintiff has but one cause of action *Page 468 
which arose out of the same transaction or occurrence. That transaction or occurrence, it says, is the same as that which gave rise to her first suit. Defendant asks us to conclude, therefore, that the prior action bars all claims which were, or could have been, litigated. In the alternative, it argues that plaintiff's claim for fraudulent misrepresentation was asserted beyond the one year allowed by the statute of limitations, and is, thus, barred. Although we find no merit to defendant's first argument, we agree with its second argument.
Whether a prior action bars a subsequent action depends on whether the doctrine of res judicata applies. Its application requires the following:
 (1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits. Stevenson v. International Paper Co., 516 F.2d 103 (5th Cir. 1975). If these elements are present, then the former judgment is an absolute bar to any subsequent suit on the same cause of action, including any issue which was or could have been litigated in the prior action. McGruder v. B L Construction Co., 331 So.2d 257 (Ala. 1976).
Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190,1199 (Ala. 1978). There is no dispute that the first three elements are satisfied. The dispute, instead, revolves around whether the fourth element, "same cause of action present in both suits," is satisfied.
Defendant's argument that there is a single transaction or occurrence underlying both suits requires an analysis of the meaning of "cause of action" in the context of the doctrine ofres judicata. We observe the following:
 What is a cause of action? Commenting on that very point in Sessions, supra, [Sessions v. Jack Cole Co., 276 Ala. 10, 158 So.2d 652] this Court quoted from Chappell v. Boykin, 41 Ala. App. 137, 127 So.2d 636
(1960):
 `In a majority of jurisdictions in the United States, the rule is that a single act causing simultaneous injury to the physical person and to property of one individual gives rise to only one cause of action, and not to separate causes based on the one hand on personal injury, and on the other on property damage. The basis of the rule is that a "cause of action" grows out of the wrongful act and not the various forms of damages that may flow from the single wrongful act.'
 and then quoted from Birmingham Southern Ry. Co. v. Lintner, 141 Ala. 420, 38 So. 363 (1904):
 `It may be stated as a very general if not universal proposition that one who is entitled to sue at all for the consequences of a wrongful act may recover all the damages that such act has proximately inflicted upon him. His cause of action is the one wrongful act of the defendant.'
Geer Brothers, Inc. v. Crump, 349 So.2d 577, 581 (Ala. 1977).
We do not seek to set out all the different situations to which the doctrine may apply. However, for the purpose of comparison, we observe, as the quoted language suggests, the doctrine is often applied to prevent subsequent suits for the different damages that flow from a single act, such as an automobile collision resulting in both property damage and personal injury. The doctrine also may apply where a simple wrong gives rise to various theories of recovery. Terrell v.Nelson, 199 Ala. 436, 74 So. 929 (1917). However, the mere fact that two actions find their origins in the same subject matter, or transaction, does not mean, automatically, that res judicata
applies:
 Generally, even if two actions relate to the same subject matter, this does not necessarily establish that they are on the same cause of action. "Hence, a judgment in a former action does not operate as a bar to a subsequent action where the cause of action is not the same, even though each action relates to the same *Page 469 
subject matter." 46 Am.Jur.2d, Judgments, 407.
Byrd v. Fowler, 50 Ala. App. 596, 601, 281 So.2d 647, 651
(1973). Stated another way, it has been said:
 The fact that both causes of action originated in the same series of transactions, and in the communications which took place between the parties concerning them, does not necessarily show that they are the same. . . .
50 C.J.S. Judgments § 648 (1974) (footnote omitted).
Here, however, we are not convinced that there is a single act or occurrence for the purpose of applying the doctrine ofres judicata. The acts of which plaintiff complains apparently arose, at least initially, out of a simple commercial transaction. However, as stated by the authorities quoted above, that does not mean plaintiff has but one cause of action. The "same evidence" test can be employed to illustrate the fact that plaintiff's suits are founded on separate causes of action.
 The best and perhaps most invariable test as to whether a former judgment is a bar is to inquire whether the same evidence will sustain both the present and the former action. If this identity of evidence is found, it will make no difference if the form of the two actions is not the same. Whatever be the form of the action, the issue is deemed the same whenever it is supported in both actions by substantially the same evidence. If it be so supported, a judgment in one action is conclusive upon the same issue in any suit, though the cause of action is different. Cannon v. Brame, 45 Ala. 262; Crowder v. Red Mountain Co., 12 Ala. 254, 29 So. 847; Freeman, Judgments, § 259.
Reid v. Singer Sewing Mach. Co., 218 Ala. 498, 499, 119 So. 229
(1928); cited with approval in Greer Brothers, Inc. v. Crump,supra.
When that test is employed, it is clear that substantially different evidence supports each of plaintiff's actions. The first action, based on plaintiff's Mini-Code and Truth-in-Lending Act claims, is supported by evidence connected with the financial details of the consumer credit contract into which plaintiff entered. The second and present action is founded on the alleged misrepresentations made to plaintiff regarding the condition and state of repair of the automobile. The evidence necessary to prove each is not substantially the same. Therefore, the fourth element necessary for res judicata, the same cause of action, is missing. Consequently, plaintiff's action is not subject to that defense.
Defendant's alternative theory, that plaintiff's claim for fraudulent misrepresentation is time-barred by the one-year statute of limitations, is well founded. Before discussing it, however, we observe the posture of the present case. The trial court, in granting defendant's motion to dismiss, indicated that it considered the complaint in the first action; the final decree in the first action; and, plaintiff's deposition in the first action. All of these were entered into evidence by defendant. The trial court's consideration of matters outside the pleadings, in effect, converted defendant's motion to one for summary judgment under Rule 56, Alabama Rules of Civil Procedure, via the operation of Rule 12 (b), A.R.C.P. Sims v.Lewis, 374 So.2d 298 (Ala. 1979); Thorne v. Odom,349 So.2d 1126 (Ala. 1977). Considered in the light of a summary judgment motion, the question becomes whether, under the scintilla evidence rule, a genuine issue of material fact exists. HaroldBrown Builders, Inc. v. Jordan Company, 401 So.2d 36 (Ala. 1981); Campbell v. Alabama Power Co., 378 So.2d 718 (Ala. 1979); First National Bank of Birmingham v. Culberson,342 So.2d 347 (Ala. 1977).
Viewed as a motion for summary judgment, with the application of the scintilla evidence rule, we find plaintiff's claim for fraudulent misrepresentation to have been asserted beyond the one-year statute of limitations. Plaintiff purchased the automobile on January 29, 1979. In her deposition she stated that she began having problems with it within four or five weeks. She stated that she did not return to defendant for repairs after she secured an attorney. Her deposition does not provide *Page 470 
us with the date she secured an attorney, but it is obvious that it could have been no later than January 29, 1980, the date she filed her first action. Her present action was filed on July 15, 1981. Even if we assume that defendant's alleged acts of misrepresentation continued until the date she filed her first action, her present action was filed more than one year from that date and, consequently, is untimely. We discern nothing from plaintiff's deposition that suggests a discovery problem which would toll the statute of limitations. Nor do we discern anything suggesting that the misrepresentations continued after filing of the first suit. Therefore, the inescapable conclusion is that her claim under this theory is time-barred.
Finally, although not discussed, we have carefully considered the other arguments and points of law raised by both parties. We find them to be without merit. The judgment of the trial court is affirmed as to plaintiff's claim for fraudulent
misrepresentation, but reversed as to her warranty claim.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.
[1] Braggs v. Jim Skinner Ford, Inc., 396 So.2d 1055 (Ala. 1981).