These proceedings are the result of the removal of a child from a foster home by the Department of Pensions and Security (DPS).
Darrin Vosyka is a fifteen-year-old child afflicted with cerebral palsy. On October 2, 1982 Darrin was placed in the plaintiff's home under a long-term foster care agreement with DPS. Darrin lived with the plaintiff from October 2, 1982. until January 20, 1984, the date he was removed from the plaintiff's custody.
DPS made the decision to remove Darrin from the plaintiff after receiving three separate complaints alleging abuse and neglect. While none of these complaints could be substantiated, they nonetheless raised concerns among many persons at DPS about the adequacy of care Darrin was receiving.
Soon after Darrin's removal, the plaintiff asked for a hearing by a DPS administrative review panel to determine whether the removal was in the child's best interests. After an extensive review in which over forty witnesses testified, the panel determined that Darrin's interests would best be served by terminating the plaintiff's foster care relationship with Darrin.
The plaintiff filed notice of appeal to the Montgomery County Circuit Court on May 21, 1984. DPS filed a motion to dismiss the appeal, alleging the plaintiff lacked standing to appeal and that the proper method of review was common-law certiorari. The circuit court determined the plaintiff did have standing to appeal and that the proper method of review was by certiorari. The circuit court determined that the decision of DPS to remove the child from the custody of plaintiff was supported by substantial evidence and upheld that decision. The plaintiff appeals.
The dispositive issue here is whether the circuit court erred by affirming DPS's order to remove the child from plaintiff's custody.
The standard for judicial review of a writ of certiorari is whether there has been a proper application of the law involved and whether the lower tribunal's ruling is supported by substantial or legal evidence. Personnel Board v. Bailey,475 So.2d 863 (Ala.Civ.App. 1985); Flannagin v. Baggiano,462 So.2d 931 (Ala.Civ.App. 1984).
In child custody cases the well-settled rule is that the best interests of the child govern the disposition of the case.Mack v. Mack, 466 So.2d 981 (Ala.Civ.App. 1985). Based on this authority, we now examine the record to determine if there is sufficient evidence to support DPS's decision to remove the child from plaintiff's custody.
The evidence before the DPS review panel indicated that Darrin is a child who is seriously limited in his physical and mental *Page 1106 
development as a result of cerebral palsy. The evidence also indicated the plaintiff was unable to adequately care for Darrin.
At trial testimony was introduced concerning unexplained bruises on Darrin's lower body and face. The plaintiff testified these bruises resulted from falls sustained by Darrin while attempting to walk. This evidence, coupled with that of physical therapists and teachers, creates at least an inference that Darrin was not adequately supervised. Other testimony indicates the plaintiff broke Darrin's leg while attempting to help him exercise. This evidence also tends to indicate the plaintiff was unable to provide the type of care Darrin needed in light of his handicap.
The record indicates the plaintiff went to great lengths to provide Darrin many tangible and intangible benefits; however, in light of Darrin's serious handicap and testimony regarding the type of round-the-clock professional supervision DPS can provide him, we hold that sufficient evidence exists to support the finding that Darrin's removal from the foster home was in his best interests. Therefore, the judgment of the circuit court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.