HOLMES, Judge.
This is an appeal from the trial court’s dismissal of the plaintiff’s petition for alternative writ of mandamus.
The plaintiff filed his petition in the circuit court, seeking to have the City of Mobile show cause why permission should not be granted the plaintiff to “fill up” a city drainage ditch running adjacent to his property. His petition stated that he sought the permission in order to build a driveway over the filled-up ditch. Such action would, as stated in the petition, allow the plaintiff to gain access from his undeveloped property to the city road running parallel to the ditch and his land.
The plaintiff had previously applied for permission with the city engineer pursuant to the following local ordinance:
“It shall be unlawful and an offense against the city for any person to fill up any drainage ditch alongside or crossing any of the public streets, alleys, sidewalks or other public places of the city without first obtaining permission from the city engineer, even though the ditch is being filled for the purpose of covering a drain pipe and to beautify the parkway or lawn or to eliminate a bridge or other crossing of a ditch. The city engineer shall issue permission for the filling of a ditch whenever it is no longer needed for drainage purposes or whenever the drain pipe to be placed in the ditch by the applicant is of a size large enough to carry the water which would normally pass along the ditch and when the pipe is laid at a level and in a manner which will conform to the general plans of the city engineer for the drainage of the district where the ditch in question is located.”
Code of the City of Mobile, Section 55-7 (emphasis supplied).
Permission was denied in a letter from the Public Works Director of the City. The letter reads in pertinent part as follows:
“The City of Mobile Engineering Department has checked your request for location of your driveway at your site on Howells Ferry Road.
“The location that you have suggested is right in the vicinity of a natural drain that goes through your property and would require blocking this drain as well as the outlet of a thirty inch pipe coming from the north side of Howells Ferry Road.
“We cannot approve this location; however, we would be glad to work with you in selecting an approved location for your driveway.
“If you require any further information, please contact us.”
The plaintiff then sought review of the City’s denial of his application by way of the common-law alternative writ of mandamus, i.e., rule nisi, or show cause order. The trial court subsequently ordered the City of Mobile to show cause why the permission should not be granted.
After a hearing the trial court concluded that “the City of Mobile has not been arbitrary, capricious, or unreasonable in its consideration of Plaintiff’s request for access to Howells Ferry Road.” The trial court thus dismissed the petition. The plaintiff timely appealed to the Supreme Court of Alabama, and the appeal was transferred to this court by the supreme court on September 22, 1987.
*746 The plaintiffs main contention on appeal is that the City’s refusal of his request for permission to fill up the ditch in question was arbitrary and capricious and should have been overturned by the trial court. We disagree.
At the hearing before the trial court, an engineer with the City’s engineering department testified as to the problems with granting the petitioner’s request. He stated that the topography of the surrounding land was such that to fill up the ditch where permission was sought would completely back up the drainage of water coming from the more highly elevated properties across the road. The engineer testified that drainage would thus become a problem unless provided for during the construction of the driveway.
In answering the plaintiff’s interrogatories as to what would be required in order to offset the effect on drainage by the proposed construction, the City responded in pertinent part as follows:
“8. An 18 inch R.C. pipe or equivalent R.C. arch pipe would be required to carry the flow parallel to Howells Ferry Road (driveway pipe). A drainage plan for the natural drain that runs through this property has not been prepared by the City Engineering Department. Therefore, no size pipe or drainage structure has been determined.
“9. The driveway pipe should be placed outside the limits of the natural drain so as not to interfere with the flow from the existing 30 inch pipe under Howells Ferry Road. If the owner improves the natural drain with an underground system through his property, then the driveway could be positioned within these limits. The driveway pipe should be installed with a Class “C” bedding and suitable compacted material. If the natural drain is to be improved, a drainage plan will have to be submitted to the City Engineering Department by a licensed Professional Engineer for approval.
“10. The driveway pipe should be installed at an elevation to allow proper conveyance of water that runs along Howells Ferry Road to the natural drain. The improved system through the natural drain would have to be installed according to the plan submitted to and approved by the City Engineer.”
The plaintiff complains on appeal that such an extensive construction is a subterfuge by the City offered as a justification to deny his application for a permit and is unnecessary, and thus unreasonable, arbitrary, and capricious. We disagree.
It has long been the law in Alabama that a petitioner for mandamus or alternative writ must have a clear legal right to the order sought. See Ex parte Jackson, 212 Ala. 496, 103 So. 558 (1925). There must also be an imperative legal duty on the respondent to perform his duty, which he has refused. State ex rel. Holcombe v. Stone, 232 Ala. 16, 166 So. 602 (1936). It has also been made clear by later case law that a petitioner’s right to mandamus will be carefully scrutinized. See, e.g., Colquett v. Williams, 269 Ala. 383, 113 So.2d 347 (1959).
We have been offered no coherent or substantiated argument that would support plaintiff’s clear legal right to the issuance of the extraordinary writ petitioned for in this case. Neither did the plaintiff offer any convincing evidence that the City’s plan, set out in its answers to the plaintiff’s interrogatories, to offset the proposed construction of a driveway is anything other than reasonable and necessary to maintain the adequate drainage currently existing.
To the contrary, the plaintiff admitted at trial that he was more interested in filling up the ditch than in building a driveway. He stated that it was his ultimate intention to fill up the entire length of the drainage ditch adjacent to his property. The City’s suggestion that what the plaintiff actually sought was to have the City construct an entirely new drainage system through plaintiff’s property is, therefore, not implausible.
Although we can sympathize with the plaintiff’s desire to have something other than an open drainage ditch which would adequately fulfill the drainage needs of his property, as well as the surrounding lands, we do not agree with plaintiff’s argument *747 that his right to stop water at his property line entitles him to upset the drainage of his neighbors and the city road. See Bailey v. Floyd, 416 So.2d 404 (Ala.1982).
Although we do not necessarily agree with the plaintiffs contention that the resolution of the case actually rests on whether the City had a prescriptive easement to maintain the drainage ditch in its present condition, the case he cites us disproves his very point. City of Montgomery v. Couturier, 373 So.2d 625, 627 (Ala.1979), quotes with approval a treatise which states that a prescriptive easement is acquired by the presence of an open and obvious ditch, such as in the instant case.
Finally, the plaintiffs contention that certain affirmative defenses were not properly pleaded before trial and should have prevented their introduction at trial has some merit. We do not believe, however, that it is fatal to the trial court’s determination in view of the “flexibility” of Rule 21, Rules of Appellate Procedure, proceedings. See R. Harwood and T. Greaves, Jr., “Availability and Use of Extraordinary Writs,” in Alabama Appellate Practice 78 (published by Alabama Bar Institute for C.L.E.) (1979).
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.