**James W. GEORGE, Plaintiff–Appellant,**

v.

**J.D. WHITE, Ron Jones, Robert L. Mothershed, John Johnson, John Chancery —Deceased, Defendants–Appellees.**

No. 86–7337.

United States Court of Appeals, Eleventh Circuit.

Feb. 23, 1988.

Arthur J. Madden, III, Mobile, Ala., for plaintiff-appellant.

Glenn L. Davidson, Thomas R. Allison, Asst. Attys. Gen., James B. Prude, Montgomery, Ala., for defendants-appellees.

Before RONEY, Chief Judge, JOHNSON, Circuit Judge, and PECK *, Senior Circuit Judge.

JOHNSON, Circuit Judge:

James W. George, a *pro se* Section 1983 plaintiff, appeals from a district court order granting summary judgment to the appellees. The district court held that George's three-count complaint was barred by the doctrine of *res judicata*. We affirm the summary judgment as to Counts I and II of the complaint, but reverse and remand for further proceedings on Count III.

George, an Alabama inmate, alleges that on September 1, 1981, he was the victim of three constitutional violations: (1) during a "major institutional shakedown" his lockers were forcibly opened by prison guards; (2) all of his personal property was either stolen, confiscated, or destroyed when guards left his lockers open; and (3) defendant White, warden at Holman Prison, forced him to stand naked in the rain in the prison yard from 3:00 P.M. until after 10:00 P.M.

George filed a complaint in the Circuit Court of Escambia County, Alabama, on November 18, 1981. In that complaint, he raised the claims regarding his personal property (Counts I and II). In November of 1982 while the state action was pending, George raised the same claims in federal court. The district court dismissed the complaint without prejudice so that George could pursue his property claims in the state court action. Although George's complaint also stated that he had been "subjected to cruel and unusual punishment," the defendants in this case concede

* Honorable John W. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designa- tion.

that the state court complaint did not raise the claim that George was forced to stand naked in the prison yard (Count III).

The state court granted the defendants' motion for summary judgment on July 12, 1985. This final judgment on the merits held that "the state defendants are due to be summarily dismissed from this case, based on their affirmative defense of good faith immunity." George then filed a new complaint in the district court, in which he alleged the instant counts. The defendants maintained that George was precluded from relitigating Counts I and II and was barred from raising Count III because he could have raised that claim in the prior state court action. On April 21, 1986, the district court held that all three claims were barred by the doctrine of *res judicata*, and therefore granted summary judgment for the defendants. This appeal follows.

The Supreme Court has held that the doctrines of *res judicata* and collateral estoppel may apply when a Section 1983 action is preceded by a state court action involving the same parties and in which the litigant had a full and fair opportunity to present his claim. *See Allen v. McCurry*, 449 U.S. 90, 95–97, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308 (1980). The Supreme Court has also held that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was ordered." *Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Jones v. Gann*, 703 F.2d 513, 514 (11th Cir.1983). The issue in this case is whether, under Alabama law, George's present claims are barred by the prior state court action.

In Alabama, there are four elements to the *res judicata* defense: (1) a prior judgment by a court of competent jurisdiction; (2) a prior judgment rendered on the merits; (3) the parties to both suits are substantially identical; and (4) the same cause

of action must be involved in both suits. *Wheeler v. First Alabama Bank of Birmingham*, 364 So.2d 1190, 1199 (Ala.1978). When these elements are present, "the former suit bars any later suit on the same cause of action, including issues that were or could have been litigated in the prior case." *Lott v. Toomey*, 477 So.2d 316, 319 (Ala.1985).

The first three elements are not in dispute in this case. The parties are the same as in the state court action. The Escambia County Court was a court of competent jurisdiction. The state court's opinion indicates a disposition on the merits of the defendants' immunity defense. The issue we must resolve is whether the same cause of action was involved in both suits.

■ First, we find that the property claims in this case (Counts I and II) and the claims decided in the state court involve identical facts and identical evidence. In accordance with Alabama law, and absent an overriding federal interest in providing a federal forum, Goerge's property claims are barred by *res judicata*.[1]

■ Second, we consider George's Eighth Amendment claim. The district court held that Count III was barred by *res judicata* on the principle that the "cruel and unusual punishment claim could have been brought" in the state court action. Reliance on this principle, however, ignored the requirement that before a non-litigated claim can be barred, the defendant must show that the present and former claims involve the same cause of action.

Under Alabama law, the question is whether "substantially the same evidence" supports both actions. *Wheeler*, 364 So.2d at 1220; *Braggs v. Jim Skinner Ford, Inc.*, 432 So.2d 466, 469 (Ala.1983); *see also Dominex, Inc. v. Key*, 456 So.2d 1047, 1054 (Ala.1984) ("whether the issues in the two suits are the same and whether the same evidence would support a recovery in both

---

1. After receiving an adverse judgment in the state court, George's only recourse on those claims brought in the state court complaint was to appeal to the Alabama appellate courts and

then seek review in the United States Supreme Court. George did not appeal his state court judgment. He could not relitigate his state court claims in the district court.

suits").[2] Thus, a plaintiff may not file actions for property damage and for wrongful death based on the same accident. *Sessions v. Jack Cole Company,* 276 Ala. 10, 158 So.2d 652 (1963). Similarly, a plaintiff may not sue for breach of an agreement to provide adequate insurance and then file another action alleging the same wrongful conduct while adding only additional elements of damage. *Geer Bros. Inc. v. Crump,* 349 So.2d 577, 581 (Ala.1977).

In the state action, George alleged that prison officials unconstitutionally deprived him of his personal property. In Count III of the present action George alleges that he was forced to stand naked in the rain for seven hours. The record shows that both actions arose from the same incident. This connection, however, is insufficient to constitute *res judicata* in this case. Alabama has rejected the transactional approach to claim preclusion. "[T]he mere fact that two actions find their origins in the same subject matter, or transaction, does not mean, automatically, that *res judicata* applies." *Braggs,* 432 So.2d at 468.

Proof of George's prolonged naked exposure to the rain would not have proven damage to George's property. Evidence supporting George's Eighth Amendment claim would not have satisfied the evidence required to show illegal deprivation of property. Under these circumstances, George is not precluded from litigating Count III of his present action in the district court.

AFFIRMED in part and REVERSED in part and REMANDED for further proceedings.

---

**2.** This Circuit articulated the test as follows: "Under Alabama law, and under common law generally, a cause of action in one case is the same as that in a second case if the evidence needed to sustain the second action would also have sustained the first action." *Buck Creek Indus., Inc. v. Alcon Construction, Inc.,* 631 F.2d 75, 76 (5th Cir.1980).