Wendell WEBB, Plaintiff–Appellant,

v.

STATE OF ALABAMA, DEPARTMENT OF PENSIONS AND SECURITY; Lee County Department of Pensions and Security, Defendants,

Leon Frazier, Director; James Slaughter, Director, Defendants–Appellees.

No. 87–7497.

United States Court of Appeals, Eleventh Circuit.

Aug. 2, 1988.

Margaret Y. Brown, Auburn, Ala., for plaintiff-appellant.

James E. Long, State Dept. of Human Resources, William Prendergast, Montgomery, Ala., for defendants-appellees.

Before JOHNSON and HATCHETT, Circuit Judges, and ESCHBACH[*], Senior Circuit Judge.

JOHNSON, Circuit Judge:

This action is brought under 42 U.S.C.A. § 1983. The district court first abstained from ruling to await the conclusion of state proceedings. The Alabama Supreme Court rendered judgment adversely to the plaintiff, Wendell Webb, and the defendants moved the district court for summary judgment on grounds of res judicata or collateral estoppel. The summary judgment motion was granted on April 9, 1987. We reverse the summary judgment because

[*] Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

Webb's section 1983 claims are barred by neither res judicata nor collateral estoppel.

## I. *Background*

Wendell Webb had care of a foster child, Darrin Vosyka, pursuant to a long-term foster care agreement with the Lee County Department of Pensions and Security entered into December 15, 1981. On January 20, 1984, Darrin was removed from Webb's foster care without a hearing and put into state custody. Webb pursued return of the child through a post-removal administrative hearing conducted by the Alabama Department of Pensions and Security. Webb was represented by counsel, and the evidence before the panel came from some fifty witnesses. On a best interest of the child theory, the administrative panel upheld the state's removal.

Webb appealed the administrative panel's decision to the Family Court Division of the Circuit Court of Montgomery County. On December 28, 1984, the family court held that Webb had standing to appeal as a matter of foster parents' due process rights. The court also held that Webb had no statutory right to appeal the temporary hearing procedure, and therefore determined that Webb's only avenue of appeal was by petition for writ of common law certiorari. Webb filed such a petition on January 15, 1985. The family court reviewed the case on the record and, on April 16, 1986, found that the administrative panel's decision was supported by substantial evidence. Webb appealed to the Alabama Court of Civil Appeals. Finding evidence to support the decision based on the appropriate best interest of the child test, the civil appeals court affirmed the family court on October 8, 1986. *Webb v. State, Dept. of Pensions & Security*, 500 So.2d 1104 (Ala.Civ.App.1986). The Alabama Supreme Court denied certiorari on January 30, 1987.

Meanwhile, Webb filed this section 1983 suit in federal district court on January 18, 1985. The complaint alleged four counts: 1) loss of property and liberty interests because of Darrin's removal without due process of law; 2) loss of property and liberty interests because of failure to provide adequate notice of charges against Webb in the administrative hearing; 3) a pendent state claim of breach of the long-term foster care agreement; and 4) a pendent state claim of conspiracy to defraud Webb by making false representations with regard to the placement of Darrin.

In its first order, the district court dismissed the suit brought against the state departments as barred by the Eleventh Amendment. Invoking the federal abstention doctrine, the district court abstained from deciding the suit brought against the state officials. In its second order, following completion of the state proceedings, the district court found that the "causes of action in the instant case arose from the same circumstances relied upon in the State cause of action and either were or could have been raised in that proceeding," and that "the federal question (due process) was raised in the State Court and was finally decided against the Plaintiff." The district court dismissed the cause of action "as barred by the principles of res judicata or collateral estoppel."

The parties allege no disputed issues of fact in this case, and therefore summary judgment is reviewed de novo as to the correct application of law. *Tackitt v. Prudential Ins.*, 758 F.2d 1572 (11th Cir.1985).

## II. *Analysis*

State preclusion of federal claims arises from the Full Faith and Credit Clause, U.S. Const., Art. IV, § 1, as implemented by 28 U.S.C.A. § 1738:

> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory, or Possession from which they are taken.

Accordingly, the Supreme Court has directed federal courts addressing section 1983 suits fully to apply state preclusion principles when considering preclusive effects of state decisions. *Migra v. Warren City School Dist.*, 465 U.S. 75, 104 S.Ct. 892, 79

L.Ed.2d 56 (1984); *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). In *Gorin v. Osborne*, 756 F.2d 834 (11th Cir.1985), this Circuit held that a state judicial affirmance of an administrative ruling is entitled to preclusive effect. *See also Casines v. Murchek*, 766 F.2d 1494 (11th Cir.1985). Based on our understanding of Alabama preclusion law, we conclude that this federal action is neither res judicata nor collaterally estopped.

The benchmark Alabama case reciting the elements necessary for a finding of res judicata or collateral estoppel is *Wheeler v. First Alabama Bank of Birmingham*, 364 So.2d 1190 (Ala.1978). According to *Wheeler:*

> The elements of res judicata are as follows: 1) prior judgment rendered by court of competent jurisdiction; 2) prior judgment on the merits; 3) parties to both suits substantially identical; and 4) same cause of action present in both suits. If these elements are present, then the former judgment is an absolute bar to any subsequent suit on the same cause of action, including any issue which was or could have been litigated in the prior action.
>
> Collateral estoppel operates where the subsequent suit between the same parties is not on the same cause of action. Requirements for collateral estoppel to operate are 1) issue identical to one involved in previous suit; 2) issue actually litigated in prior action; and 3) resolution of the issue was necessary to the prior judgment. If these elements are present, the prior judgment is conclusive as to those issues actually determined in the prior suit.

364 So.2d at 1199 (citations omitted). For this suit to be barred, the due process claims either could or should have been raised by Webb as part of the same cause of action in state court and are therefore claim precluded, or the due process claims are a different cause of action but were necessarily decided adversely to Webb in state court and are therefore issue precluded.

## A. Collateral Estoppel

Whether part of the same cause of action or not, if the due process claims raised under section 1983 were not decided in the state court proceedings, there can be no collateral estoppel. *Conley v. Beaver*, 437 So.2d 1267 (Ala.1983) (collateral estoppel because issue was actually litigated and determined); *Denniston & Co. v. Jackson*, 468 So.2d 170 (Ala.Civ.App.1985) (no collateral estoppel if issue was not litigated). Webb could not have raised the due process claims in the original administrative hearing because those claims arose as a result of the hearing itself. The question, therefore, is what was decided by the state appeals. The state appeals consisted of the legal determination that application of the best interest of the child standard was correct and the factual determination that sufficient evidence supported the decision to remove Darrin from Webb's care. Webb's due process claims were not addressed by either this legal or this factual question.

In considering Webb's standing to appeal the administrative panel's decision, however, the Montgomery family court did discuss Webb's due process rights as a foster parent. The issue arose in the court's response to the defendants' motion to dismiss Webb's appeal: "The question of standing is dependent upon the question of whether or not Mr. Webb, as a foster parent, is entitled to due process under the Fourteenth Amendment." The court concluded that, "having established that Mr. Webb had a right to a due process hearing, it cannot be said that due process would prevent the right to appeal an adverse decision; therefore, the only real question is what method of appeal is correct."

The defendants maintain that the family court's discussion of Webb's constitutional rights actually decided Webb's section 1983 claims. Standing to appeal was disputed because Alabama provided neither an explicit statutory basis nor direct precedent for the post-termination proceedings governing foster parent care in Alabama.[1] As

---

1. Webb's long-term foster care agreement was in fact the first and only one of its kind at the

a threshold matter of standing, the court decided that Webb was entitled to due process with regard to Darrin. Specifically, the court decided that Webb did have liberty and property interests as a foster parent sufficient to entitle him to post-administrative hearing appeals. The family court did not decide whether Webb's due process rights had been violated.[2] Therefore the family court's due process discussion could not have rendered Webb's section 1983 claims collaterally estopped.

### B. Res Judicata

■ Given that the due process claims are not issue precluded, they can be claim precluded only if the claims raised in the state and federal litigation are part of the same cause of action. The pivotal question concerning res judicata in this case is whether under Alabama law the due process claims are part of the same cause of action as the foster care termination claims.

Alabama courts have used many and varied tests in deciding the same cause of action prong of res judicata. According to the "substantially the same evidence" test, *Wheeler*, 364 So.2d at 1200,[3] this case would not be res judicata because the evidence concerning Darrin's best interest with regard to custody would overlap minimally with the evidence concerning the procedural sufficiency of Darrin's removal proceedings. Nor does this case appear to be res judicata as defined by the "logical relationship" test.[4] It is less clear whether this case is res judicata based on the "single transaction" test. The single transaction test has been used only with regard to separate substantive claims.[5] Therefore,

---

time. In addition, the hearing procedure used to contest Darrin's removal was the first implementation by the Department of Pensions and Security of its departmental rules for hearings of aggrieved persons.

2. The family court's statement in the course of its standing discussion that "[i]n this Court's opinion, this hearing was sufficient to protect the due process rights of Mr. Webb" could only have been dicta and not a holding on the merits. First, the issue had not been argued by the parties. Second, the court followed the statement with its consideration of Webb's right to appeal. The court's conclusion that Webb had a right to appeal flatly contradicts a reading of the court's due process "opinion" as final and on the merits. The district court was in error to rely on this statement as a conclusive determination of Webb's due process claims.

3. Similarity of the evidence was determinative in *Lesley v. City of Montgomery*, 485 So.2d 1088 (Ala.1986) (suit for injunctive relief barred later suit for damages because same act of interference with plaintiff's effort to build wall was basis of both suits and required same evidence); *Ex parte Harrington*, 450 So.2d 99 (Ala.1984) (divorce action mentioning assault and battery did not bar later action concerning assault and battery); *Braggs v. Jim Skinner Ford, Inc.*, 432 So.2d 466 (Ala.1983) (suit alleging fraud and misrepresentation did not raise same cause of action as suit alleging violations of Truth in Lending Act); *Miller v. Local Mortgage Co.*, 459 So.2d 918 (Ala.Civ.App.1984) (prior suit alleging mortgagee's failure to disclose right of rescission required same evidence as suit to rescind mortgage).

4. A logical relationship was found in *Brooks v. Peoples Nat. Bank of Huntsville*, 414 So.2d 917 (Ala.1982), because the evidence overlapped, the facts as a whole served as a basis for both claims, and the later claim was an affirmative defense for the prior claim. The logical relationship test in *Brooks*, therefore, was predicated on the same evidence test—a test not met by this case. A logical relationship was not found in *Desroches v. Ryder Truck Rental, Inc.*, 429 So.2d 1010 (Ala.1983), because a claim for breach of a covenant not to sue was not a compulsory counterclaim in a wrongful death action. By comparison, the logical relationship test appears unmet because the due process claims are neither affirmative defenses nor compulsory counterclaims to the state's termination of foster parent rights.

5. In *Sullivan v. Walther Builders, Inc.*, 495 So.2d 655 (Ala.1986), the court applied the single transaction test and found claims about faulty construction to be part of the same cause of action as claims about breach of homeowner warranties. *Sullivan* did not cite *Braggs v. Jim Skinner Ford, Inc.*, 432 So.2d 466 (Ala.1983), and the two cases appear in conflict because the claims found not to be res judicata in *Braggs* were part of the same automobile purchase and would seem to have failed the single transaction test. *Cf. Broughton v. Merchants Nat. Bk.*, 476 So.2d 97, 102 (Ala.1985) ("same nucleus of circumstances" precluded damages claim following claims raised and decided in probate court); *Chandler v. Commercial Union Ins.*, 467 So.2d 244, 250 (Ala.1985) (breach of contract claim and bad faith and fraud claims deemed same cause of action because they arose from "single act, the refusal to pay the proceeds of the policy").

whether the adequacy of administrative process in deciding an issue and the issue itself are the same transaction in the res judicata sense is not obvious from our review of Alabama cases.

Even if the due process issue and the termination issue are deemed to arise from the same cause of action, Webb's section 1983 claims do not appear to be res judicata because it is not clear that Webb could have raised those claims as part of his state proceedings. Alabama preclusion law bars a subsequent case on the same cause of action "not only as to every matter which was raised and actually litigated, but as to every other matter which might have been litigated." *Abel v. Waters*, 373 So.2d 1125 (Ala.Civ.App.1979); *see, e.g., First State Bank v. Bass*, 418 So.2d 865 (Ala. 1982) (fraud and bad faith claims could have been raised in breach of contract suit); *Educators' Investment Corp. v. Autrey*, 383 So.2d 536 (Ala.1980) (corporation's action against shareholders for indebtedness could have been raised in prior shareholder class action).[6]

Webb's claims with regard to the administrative hearings process could have been raised no earlier than on appeal in Montgomery's family court. The family court had plenary jurisdiction through its enabling statute: "[A] judge of the family relations division ... shall have and exercise all the jurisdiction, powers, rights and authority, and possess all of the qualifications, perform all of the duties, and be subject to the obligations and penalties that other circuit judges have, exercise, perform, and [are] subject to." 1971 Ala. Acts 2707. Exercising its plenary jurisdiction, the family court decided that Webb's only avenue of appeal was to petition for a common law writ of certiorari because it could find no statutory right of appeal for administrative review of foster care termination.

Common law writs in Alabama are significantly circumscribed in their scope of review:

> The function of the common law writ of certiorari extends only to questions touching the jurisdiction of the subordinate tribunal and the regularity of its proceedings. The appropriate office of the writ is to correct errors of law apparent on the face of the record. The trial is not de novo, but on the record, and the only matter to be determined is the quashing, or affirmation, of the proceedings brought up for review.

*Jefferson County v. Berkshire Dev. Corp.*, 277 Ala. 170, 168 So.2d 13, 16 (1964). Furthermore, "if there is any legal evidence to support the decision of the lower tribunal, such is conclusive on the reviewing court." *Yeilding v. Stevens*, 265 Ala. 562, 92 So.2d 895 (1957); *see also Personnel Bd. of Jefferson County v. Bailey*, 475 So.2d 863 (Ala.Civ.App.1985).[7]

Keeping within the narrow confines of the common law writ, both the family court and the civil appeals court reviewed this case only on the record, for proper applica-

---

**6.** In *Ashurst v. Preferred Life Assurance Soc.*, 282 Ala. 119, 209 So.2d 403, 412 (1968), the court explained that "[w]hat might or could have been raised is not determined by the fact alone that the two parties were adversaries in court, but by rational judicial standards applied to the issues and subject matter about which they were litigating." *See, e.g., Abel*, 373 So.2d 1125 (divorce action fixing future status was related to but separate from annulment proceeding declaring present status); *Dominex, Inc. v. Key*, 456 So.2d 1047 (Ala.1984); *Bass v. Sanders*, 282 Ala. 546, 213 So.2d 391 (1968).

**7.** Available only where no other appeal can be had, *Jefferson*, 168 So.2d at 16, common law certiorari has most often been granted for reviewing decisions of administrative, quasi-judicial bodies. Common law certiorari review was applied to a decision by the state personnel board in *Phelps v. Public Service Commission*, 46 Ala.App. 13, 237 So.2d 499 (Civ.App.1970). In *Phelps*, the Alabama Supreme Court held that an affidavit filed after the circuit court's decision was irrelevant to the appeal, which was limited to a review of "only matters properly presented to the trial court and upon which the court entered a ruling." *Id.* 237 So.2d at 502. More recently, common law certiorari was the only review available for a county personnel board in *Ex parte Smith*, 394 So.2d 45 (Ala.Civ. App.1981). The court in *Smith* reviewed for substantial and legal evidence only, and accordingly refused to consider a claim for back pay that had not been raised below. *See also Ellard v. State*, 474 So.2d 743 (Ala.Civ.App.1984) (common law writ review of board of parole).

tion of the law and for substantial or legal evidence. *Webb,* 500 So.2d at 1105. Specifically, the family court's discussion of Webb's due process rights as a foster parent was outside the permissible scope of common law certiorari review and was not a consideration on the merits. Our predecessor Court has held that a threshold decision that is not on the merits is not a basis for res judicata. *Gregory v. Mitchell,* 634 F.2d 205 (5th Cir.1981).

The limited nature of common law certiorari review is substantiated by the fact that Webb in his state appeal did try, without success, to raise one of the due process claims in this case. Webb included a section in his petition for common law certiorari that alleged "[in]adequate notice as to how to proceed or what reasons were behind the child's removal." The family court completely ignored the claim in its judgment. Apparently proper under the rules of Alabama's common law writ, the family court's treatment of the notice issue is a compelling sign that Webb's due process claims could not have been raised and considered in the context of the common law certiorari review.

The district court found one alternative to be a sufficient possibility to preclude Webb's federal action: "[I]f Plaintiff's appeal to the Circuit Court was limited, Plaintiff should have filed an additional action in Circuit Court for consolidation with Plaintiff's initial action and raised those issues he now raises in this Court." In this regard, the defendants argue that Ala.R. Civ.P. 18 would have allowed Webb to join new claims with the appeal, or that Ala.R. Civ.P. 42 would have allowed Webb to file separate claims and move to consolidate them with the appeal. Rules 18 and 42, however, are not appellate rules and do not authorize joinder and consolidation of original claims with claims on appeal. We have found no Alabama case that considers consolidation of a new action or joinder of additional claims with claims being appealed on the basis of a common law writ of certiorari. There is nothing to indicate that an Alabama court would make the significant exception posited by the defendants and the district court to the traditionally limited common law writ. There is no basis to conclude that Alabama law as a general rule would find claim preclusion because of a failure to attempt consolidation or joinder of a new claim with a common law certiorari appeal. Preclusion does not obtain where a plaintiff would have been unable to raise a subsequent federal claim in the prior state administrative action, *Casines,* 766 F.2d at 1499, and we would stretch the scope of Alabama appeals to find preclusion here.[8]

The fact that this case began as an administrative hearing with no statutory right of appeal requires us to treat the family court proceedings as a limited appeal based on a common law writ of certiorari. As such, it is at best unclear that Webb could have raised his due process claims on the merits before the family court or the civil appeals court. Because it is unfounded to conclude that Alabama preclusion principles would have required Webb's due process claims to be brought in the context of his common law writ of certiorari, those due process claims are not precluded.[9]

The summary judgment is REVERSED and the case is REMANDED for further proceedings.

---

8. Where definitive res judicata rules were similarly lacking, at least one Circuit has taken a cautious approach in a section 1983 case. In *Jones v. City of Alton,* 757 F.2d 878 (7th Cir. 1985), the Seventh Circuit did not find preclusion where "defendants [had] not sustained their burden of showing with clarity and certainty that the issue was or could have been determined by the prior judgment." In an earlier case, the Third Circuit reasoned that the "defendants at oral argument candidly acknowledged that there is no case law illuminating that question. Certainly we would not give greater judgment preclusive effect to a Commission proceeding than would Pennsylvania." *Boykins v. Ambridge Area School Dist.,* 621 F.2d 75 (3d Cir.1980); *see also Local 1006 v. WURF,* 558 F.Supp. 230 (N.D.Ill.1982).

9. Our holding that Webb's due process claims are not precluded should not be construed as any holding on the merits that Webb either did or did not receive due process.