SHORES, Justice.
Phillip Karagan appeals from a summary judgment granted in favor of the City of Mobile (“City”).
This is the second legal action filed by Mr. Karagan concerning a drainage ditch that runs adjacent to his 23.8 acres of property with frontage on Howells Ferry Road in Mobile. See, Karagan v. City of Mobile, 518 So.2d 744 (Ala.Civ.App.1987).
In the instant action, Mr. Karagan filed a complaint calling upon the City to set forth and specify the nature and location of any surface water drainage easement concerning his property. The trial court granted summary judgment on May 20, 1988, in favor of the City, based on res judicata. Mr. Karagan filed a motion to vacate the May 20 judgment, and to amend so as to seek a judgment declaring that the City had no right to “alter Karagan’s terrain or prevent Karagan from altering his terrain.” The motion was denied, and this appeal followed.
We affirm.
Karagan v. City of Mobile, supra, involved the City’s refusal to allow Mr. Kara-gan to fill the drainage ditch in question. The Court of Civil Appeals held that Mr. Karagan was not entitled to fill it, in light of the evidence that filling the ditch would completely back up the drainage of water from the more highly elevated properties and would flood the city road. In that action, Mr. Karagan was required to present all arguments relating to the issue litigated.
Res judicata bars an action where a prior judgment has been rendered on the merits by a court of competent jurisdiction, where the parties to both suits are substantially identical, and where the same cause of action was or could have been presented in the prior suit. Sullivan v. Walther Builders, Inc., 495 So.2d 655 (Ala.1986).
The issue of a prescriptive easement presented in the present case is so related to the prior action that it should have been litigated at that action. Mr. Karagan had a clear opportunity in the prior case to argue the issue of whether the City has a prescriptive easement to control the surface water drainage ditch. Res judicata therefore bars this latter action.
“Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the *873 result of the contest, and that matters once tried shall be considered forever settled as between the parties.”
Baldwin v. Iowa State Traveling Men’s Association, 283 U.S. 522, 525, 51 S.Ct. 517, 518, 75 L.Ed. 1244 (1931).
The uncontroverted facts offered below in support of, and those offered in opposition to, the motion for summary judgment present a question of law appropriate for resolution by summary judgment.
AFFIRMED.
JONES, ADAMS, HOUSTON and KENNEDY, JJ., concur.