YATES, Judge.
On April 9, 1991, Jimmy Lane Turner injured his head, neck, and right arm while working at Letiea Corporation. He later suffered a heart attack and died on January 16, 1992. On May 18, 1992, his wife, Patricia Dunn Turner, as administratrix of her husband’s estate, filed a complaint against Leti-ca, seeking payment for permanent total disability benefits that she claimed Letiea had owed to her husband. On June 16, 1992, Letiea moved to dismiss, or, in the alternative, for a summary judgment. The trial court entered a summary judgment in favor of Letiea. Turner appealed to this court; that appeal was dismissed on January 27, 1993, for her failure to file a brief.
On July 28, 1993, Turner filed a second complaint, this time against Letiea and its workmen’s compensation insurance carrier, The Cigna Insurance Company, seeking *902 workmen’s compensation benefits and death benefits. Letica and Cigna jointly moved to dismiss on the grounds of res judicata. After a hearing, the trial court granted the motion and dismissed the complaint. Turner appeals.
From the scant record, we are able to discern the following facts. On April 9, 1991, Jimmy Lane Turner suffered a compensable injury to his head, neck, and right arm; he was paid temporary total disability benefits through December 3, 1991. On January 16, 1992, he died as a result of complications from a heart attack he had suffered on December 24, 1991.
Patricia Turner contends that the trial court erred in dismissing her complaint based on the doctrine of res judicata, arguing that her second complaint brought a new claim for death benefits and alleged a causal link between her husband’s heart attack and his compensable injury. Turner contends that it was impossible for her to “identify ... an actual causal connection ... to a reasonable medical certainty, until ... a physician had fully examined the entire circumstances of the case, and had provided his or her medical professional opinion as to the cause of death.” Letica and Cigna argue that the second complaint was barred by res judicata because the claim seeking death benefits could have been asserted in the first complaint. We agree.
The essential elements of res judi-cata are: 1) a prior judgment on the merits, 2) rendered by a court of competent jurisdiction, 3) with substantially the same parties, and 4) with the same cause of action presented in both actions. Hughes v. Allenstein, 514 So.2d 858 (Ala.1987). If these elements are met, any issue that was, or could have been, adjudicated in the prior action is barred from further litigation. Trimble v. Bramco Products, Inc., 351 So.2d 1357 (Ala.1977).
The first three elements of res judica-ta are clearly present in this ease. The only issue is whether the same cause of action was presented by both complaints. Under the doctrine of res judicata, a prior judgment bars subsequent litigation of all issues falling within the scope of the original action, includ-mg those issues that could have been litigated by exercising due diligence. Sullivan v. Walther Builders, Inc., 495 So.2d 655 (Ala.1986). Turner’s husband had died some four months before she filed her first complaint. She did not make in her first complaint any claim for death benefits, but could have done so.
Based on the above, we conclude that the trial court properly dismissed the action on the grounds of res judicata.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.